IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SMARTRAC N.V., SMARTRAC IP B.V. AND SMARTRAC TECHNOLOGY US INC., <br><br>      Plaintiffs, <br><br> v. <br><br> ON TRACK INNOVATIONS LTD., AND OTI AMERICA, INC. <br><br>      Defendants. | Civil Action No. 08-296-JJF <br><br> **DEMAND FOR JURY TRIAL** |

## PLAINTIFFS' ANSWER AND COUNTERCLAIM
## TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs Smartrac N.V., Smartrac IP B.V., and Smartrac Technology US Inc. (collectively, "Smartrac"), by their attorneys Proskauer Rose LLP and Young Conaway Stargatt & Taylor LLP, hereby answer the Counterclaims of Defendants On Track Innovations Ltd. and OTI America, Inc. (collectively, "OTI"), and allege counterclaims as follows. The paragraph numbers herein correspond to the paragraph numbers of the allegations in the Counterclaims to which they respond.

43.     The preamble to OTI's Counterclaims requires no response. To the extent a response is required, Smartrac denies all allegations in Paragraph 43.

### Parties

44.     Admitted.

45.     Smartrac admits that OTI America, Inc. holds itself out to be a Delaware Corporation with a principal place of business in Fort Lee, New Jersey, and otherwise denies the allegations of Paragraph 45.

46. Admitted.

47. Admitted.

48. Admitted.

### Jurisdiction

49. The allegations in Paragraph 49 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

50. The allegations in Paragraph 50 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

### Background

51. Admitted.

52. Admitted.

53. The allegations in Paragraph 53 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

### COUNT I

54. Smartrac incorporates here by reference its responses to the allegations of Paragraphs 43 through 53 as though they were fully set forth herein.

55. Denied.

56. Denied.

### COUNT II

57. Smartrac incorporates here by reference its responses to the allegations of Paragraphs 43 through 56 as though they were fully set forth herein.

58.     Denied.

59.     Denied.

## COUNT III

60.     Smartrac incorporates here by reference its responses to the allegations of Paragraphs 43 through 59 as though they were fully set forth herein.

61.     Smartrac denies the allegations of Paragraph 61.

62.     Smartrac admits the applicants filed an Information Disclosure Statement on or about December 9, 1996. Smartrac denies the allegations of Paragraph 62 to the extent the allegations attempt to characterize the file history; the file history speaks for itself. Otherwise, Smartrac denies the allegations of Paragraph 62.

63.     Smartrac admits a request for opposition to DE 44 10 732 was filed on or about July 28, 1997. Smartrac denies the allegations of Paragraph 63 to the extent the allegations attempt to characterize the file history; the file history speaks for itself. Otherwise, Smartrac denies the allegations of Paragraph 63.

64.     Smartrac admits a reference to DE 32 47 344 was cited in an October 8, 1998 letter to the German Patent Office. Smartrac denies the allegations of Paragraph 64 to the extent the allegations attempt to characterize the file history; the file history speaks for itself. Otherwise, Smartrac denies the allegations of Paragraph 64.

65.     Smartrac admits that U.S. Patent No. 4,450,623 is entitled "Process For The Manufacture Of Circuit Boards." The remaining allegations in Paragraph 65 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

66.     Denied.

3

67.     The allegations in Paragraph 67 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

68.     The allegations in Paragraph 68 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

69.     Denied.

70.     Denied.

71.     Admitted.

72.     The allegations in Paragraph 72 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

73.     Smartrac admits that DE 44 10 732 names the same inventors as the '818 Patent in suit. Otherwise, Smartrac denies the allegations of Paragraph 73.

74.     Smartrac admits that an International Search Report was included as part of WO 95/26538. Smartrac denies the remaining allegations of Paragraph 74 to the extent the allegations attempt to characterize the file history; the file history speaks for itself. Otherwise, Smartrac denies the allegations of Paragraph 74.

75.     Smartrac denies the allegations of Paragraph 75 to the extent the allegations attempt to characterize the file history; the file history speaks for itself. Otherwise, Smartrac denies the allegations of Paragraph 75.

76.     Smartrac denies the allegations of Paragraph 76 to the extent the allegations attempt to characterize the file history; the file history speaks for itself. Otherwise, Smartrac denies the allegations of Paragraph 76.

4

77.    Smartrac admits that WO 93/09551 was given the designation "X" on the International Search Report. Smartrac denies the remaining allegations in Paragraph 77 to the extent the allegations attempt to characterize the file history, which speaks for itself, or are legal conclusions to which no response is necessary. Otherwise, Smartrac denies the allegations of Paragraph 77.

78.    Smartrac admits that the quoted portions of this allegation appear in WO 93/09551. Smartrac denies the allegations of Paragraph 78 to the extent the allegations attempt to characterize the file history; the file history speaks for itself. Otherwise, Smartrac denies the allegations of Paragraph 78.

79.    The allegations in Paragraph 79 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

80.    The allegations in Paragraph 80 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

81.    Denied.

## COUNT IV

82.    The allegations in Paragraph 82 are legal conclusions, to which no response is necessary. To the extent a response is required, Smartrac denies those allegations.

83.    Smartrac is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83, and therefore denies those allegations.

5

84.    Defendants have not identified the products alleged to infringe the '160 Patent. To the extent Smartrac understands Defendants' allegations at this time, Smartrac denies the allegations of Paragraph 84.

85.    Smartrac is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

As for its affirmative defenses to Defendants' Counterclaims, Smartrac asserts the following affirmative defenses, without assuming the burden of proof where that burden would otherwise be on OTI:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

On information and belief, and to the extent discussed above in paragraph 42, Smartrac N.V. and Smartrac Technology US Inc. do not believe they have infringed, induced infringement of, or contributed to infringement of any claim of United States Patent No. 5,241,160 (the "'160 Patent").

### THIRD AFFIRMATIVE DEFENSE

The '160 Patent is invalid for failure to meet the conditions of one or more provisions of 35 U.S.C., Part II.

### FOURTH AFFIRMATIVE DEFENSE

OTI's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, or equitable estoppel.

6

**COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,241,160)**

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 et seq. Smartrac requests declarations that it does not infringe, induce infringement of, or contribute to infringement of U.S. Patent No. 5,241,160 ("the '160 Patent"), and that the '160 patent is invalid.

2.      Smartrac N.V. is a Dutch N.V., publicly traded on the Frankfurt Stock Exchange, with its corporate headquarters located at Strawinskylaan 851, 1077XX, Amsterdam, the Netherlands.

3.      Smartrac Technology U.S., Inc. is a wholly-owned subsidiary of Smartrac N.V., incorporated in Delaware, with an office located at 100 S. 5th Street #1075, Minneapolis, Minnesota, 55402, and primary operations in Chanhassen, Minnesota.

4.      On Track Innovations Ltd. is an Israeli company with its principal executive offices located at Z.H.R Industrial Zone, Rosh-Pina 12000, Israel, and is publicly traded on NASDAQ as OTIV.

5.      This Court has subject matter jurisdiction over the asserted patent dispute in this controversy, and thus has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

7

7. United States Patent No. 5,241,160 (the "'160 Patent"), entitled "System and Method for the Non-Contact Transmission of Data," issued on August 31, 1993. On Track Innovations Ltd. claims to own all rights in the '160 Patent.

8. By reason of On Track Innovations Ltd.'s allegations that Smartrac N.V. and Smartrac Technology US Inc. infringe the '160 Patent, there now exists a current and justiciable controversy concerning whether the '160 Patent is infringed and invalid. This is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Smartrac N.V. and Smartrac Technology US Inc. thus seek a declaration from this Court resolving the present controversy.

9. To the extent Smartrac N.V. and Smartrac Technology US Inc. understand Defendants' allegations of infringement of the '160 Patent, Smartrac N.V. and Smartrac Technology US Inc. have not made, used, offered for sale, sold within and/or imported into the United States any such products which infringe the '160 Patent, nor do they contribute to or induce such infringement.

10. The '160 Patent is invalid under one or more sections of 35 U.S.C., Part II.

## PRAYER FOR RELIEF

WHEREFORE, Smartrac denies that Defendants are entitled to any of the relief demanded in Paragraphs 43 through 85 of the Complaint and requests that this Court enter judgment:

a) Finding, declaring and adjudging in favor of Smartrac and against Defendants, dismissing with prejudice all claims of Defendants;

8

b)      Finding, declaring and adjudging that the '160 Patent is invalid and not infringed by Smartrac N.V. or Smartrac Technology US Inc.; and

c)      Granting such other and further relief as this Court may deem just and proper.

DB02:7178217.1                                                                    067389.1001

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Smartrac demands

a trial by jury of all issues triable as of right by jury in the above action.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
*alundgren@ycst.com*

Steven M. Bauer
Kimberly A. Mottley
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110-2600
(617) 526-9600

*Attorneys for Plaintiffs Smartrac N.V., Smartrac IP B.V.*
*and Smartrac Technology US Inc.*

Dated: August 26, 2008

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on August 26, 2008, I caused to be electronically filed a copy of the foregoing document with the Clerk of Court using CM/ECF.

I further certify that on August 26, 2008, I caused a copy of the foregoing document to be served on the following counsel in the manner indicated:

### BY E-MAIL & FIRST CLASS MAIL

Jesse J. Jenner, Esquire
jesse.jenner@ropesgray.com
Mark H. Bloomberg, Esquire
mark.bloomberg@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Douglas J. Gilbert, Esquire
douglasg@pczlaw.com
David A. Lowenstein, Esquire
davidl@pczlaw.com
Guy Yonay, Esquire
guy@pczlaw.com
PEARL COHEN ZEDEK LATZER LLP
1500 Broadway
New York, NY 10036
(646) 878-0800

### BY E-MAIL & HAND DELIVERY

Jack B. Blumenfeld, Esquire
jblumenfeld@mnat.com
Rodger D. Smith II., Esquire
rsmith@mnat.com
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Melanie K. Sharp (No. 2501)
msharp@ycst.com
Andrew A. Lundgren (No. 4429)
alundgren@ycst.com
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600